The Executors of REEVE *v.* The Administrators of TOWNSEND ;
on appeal from the Orphans' Court of Cumberland county.

On an application to the Orphans' Court for a re-settlement of the accounts of adminis-
trators, one of the grounds stated in the notice was, that the administrators had not
charged themselves with all the monies they had received.   On the hearing of the
application, the applicants offered to prove by a witness that he paid to the admin-
istrators two sums of money, and to produce receipts for moneys received by agents
of the administrators.   The Orphans' Court refused to admit the testimony.

The Prerogative Court, on appeal, decided that the evidence was admissible, and di-
rected that the rejected testimony, and any other competent testimony to the same
point, and also any further testimony which the administrators might desire to put
in for the purpose of overcoming it, be taken before one of its officers, and the ap-
peal be thereupon brought to hearing.

The facts of the case sufficiently appear in the opinion of the
Ordinary.

*W. Halsted* for the appellants.

*L. Q. C. Elmer* for the respondents.

THE ORDINARY.    The applicants for a re-settlement of the
accounts offered to prove before the Orphans' Court, by Joshua
Brick, that he paid to the administrators $316, and at another
time $800.   They also offered to prove by this witness the re-
ceipts for payments of moneys received by Cooper & Townsend,
as agents of the administrators, in the years of 1846 and 1847.
The Court overruled the evidence.

They also offered to prove by Jeremiah Clark the payment of
$71 to the administrators.   The Orphans' Court rejected the
evidence.

It seems to me that this evidence should have been admitted.
It was said by the counsel for the administrators that in the rea-
sons filed and served by the order of the Orphans' Court it is
not stated that the receipt of these specific moneys from the per-
sons from whom they are said to have been received would be
shown as a ground of the application for a re-settlement.   I

think the evidence was admissible under the reason or ground stated in the notice, that the administrators had not charged themselves with all the moneys they had received. There is nothing in the statute, or in the nature of the case, requiring a particular specification of the moneys charged to have been received, and the persons from whom received, to be served on the administrators. The evidence offered was of specific sums received from particular persons. Administrators must be presumed to be at all times ready to account for moneys received. If they had charged themselves with the moneys in their account, they must be presumed to be able to show the charge.

If their accounts are so stated that it cannot be told whether the monies are charged to them or not, they ought to be put to show that they are charged to them in the account.

But what can this Court do? How is the error of the Orphans' Court in overruling the evidence to be corrected? This Court cannot, for such error, open the accounts and charge the moneys to the administrators, because it may be that, if the evidence offered had been received, the administrators might have shown that they were charged with them in the account.

They are charged in their final account with "amount received on book accounts not appraised, $2,275.76." Whether the moneys which the applicants for a re-settlement offered to prove were received by them, as above, are included in this sum of $2,275.76 or not, this Court cannot determine from the accounts. Shall the Court send the matter back to the Orphans' Court, with instructions to receive the evidence offered, and to proceed to another adjudication? This course might produce interminable delay.

It appears to me that the safer course is to direct the rejected testimony to be taken, and any other competent testimony to the same point, and also any further testimony which the administrators may desire to put in for the purpose of overcoming it, and thereupon to determine the matter here.

The applicants for a re-settlement proved, by David Kinsey, that the intestate had, indirectly, an interest in a vessel building at Tuckahoe. That Kinsey & Cooper took the vessel, and gave the administrators a note—the amount he thinks was over $200.

That he, Kinsey, paid the note to the administrators, some two years after the intestate's death. On cross-examination he says, that the administrators did not realize any thing from the vessel except what they advanced. That he paid them back what they advanced, by the note, with interest from the time advanced.

I find that in the accounts of the administrators, they take credit for " allowances on new schooner, $450 ;" and the note received by them from Kinsey & Cooper is not charged to them.

This, as the accounts and the testimony now stand, would appear to be a mistake. But I am willing to allow the parties to take further testimony as to this matter also, if it be desired.

Order accordingly.